# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KEN RIPOLI,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:08-cv-1396-Orl-22DAB**

**PASQUINE-SCHELLENBERG ENTERPRISES, INC., d/b/a Ormond Ace Hardware,**
**NICHOLAS PASQUINE,**
**HARRIET PASQUINE,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**     **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 21)**
>
> **FILED:**       **January 16, 2009**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The parties request that the Court approve the terms of settlement in this unpaid overtime compensation case. For the reasons set forth herein, the Court recommends approval.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their

employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, as represented in the papers and at settlement fairness hearing, Plaintiff worked as a salaried employee in a retail store. Plaintiff claimed actual damages of $1,391.25 in unpaid overtime, and a like amount in liquidated damages. The parties have agreed to settle for a total sum of $3,500.00, with $625.00 in actual damages, $625.00 in liquidated damages, and $2,250.00 in attorney's fees and costs. The parties assert that the compromise is fair in that Defendant asserted that Plaintiff was exempt as an executive, and disputed the number of alleged overtime hours claimed. There was also an issue with respect to whether liquidated damages were recoverable. While the compromise is substantial (more than fifty percent), the Court cannot say that it is not a reasoned one, in view of the strength of the defenses. The Court **recommends** approval.

As for attorney's fees, in subsequent filing (Doc. No. 27), counsel represents that, although the firm has a contingency fee agreement with Plaintiff, the settlement with respect to attorney's fees is separate and the contingency agreement will not be utilized to diminish Plaintiff's recovery. Although counsel claims that the firm expended 10.6 hours of attorney time (at $300 per hour) and 1.8 hours of paralegal time (at $95 per hour), for a total of $3,351.00 in attorney's fees (Doc. No. 27-2) and costs of $551.02, counsel is seeking approval of an award of only $2,2500.00 in fees and costs. The Court finds this reduced amount to be reasonable, in view of the circumstances of this case.[1] As such, it is **recommended** that the amount be approved, provided that no part of Plaintiff's recovery be used to augment the fee allowance. *See Silva v. Miller,* 2009 WL 73164 (11th Cir. 2009) (unpublished).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 13, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] In so doing, the Court does not approve the rate requested for Mr. Morgan's time in this case. In addition, the Court finds that some of the time entries are inappropriate for charging a professional's time or are inappropriately charged to one's adversary. Nonetheless, the requested fee (as reduced from counsel's calculation) does not exceed a reasonable fee and is due to be approved.